UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GERALD S. GANDRUP, | Case No.: 11-CV-0659-LHK |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER |
| v. | |
| GMAC MORTGAGE, ET AL., | (re: docket #2) |
| Defendants. | |

On February 14, 2011, Plaintiff Gerald S. Gandrup, proceeding *pro se*, filed a Complaint and motion for temporary restraining order (TRO) seeking the prevention of foreclosure on property located at 200 Gregory Court, Scotts Valley, California 95066 (the "Property"). Plaintiff argues that Defendants are restricted from proceeding with any foreclosure sale "pending validation and verification of alleged debt" as well as a Qualified Written Request (QWR) having been sent to Defendants. *See* Pl.'s Mot. for TRO at ¶ 1 [dkt. #2]. The case was reassigned to this Court on February 16, 2011. It appears that Plaintiff has not served Defendants with the motion for TRO, and Defendants have not yet appeared. For the reasons discussed below, the Court DENIES Plaintiff's motion for TRO.

**I. LEGAL STANDARDS**

Because Plaintiff seeks issuance of a TRO without notice to the Defendants, Plaintiff must satisfy both the general standard for temporary restraining orders and the requirements for *ex parte* orders set forth in Federal Rule of Civil Procedure 65(b). The standard for issuing a TRO is

1

identical to the standard for issuing a preliminary injunction. *Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Haw. 2002); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). A plaintiff seeking a preliminary injunction must make a four-fold showing: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 129 S.Ct. 365, 374 (2008); *Amer. Trucking Assocs., Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). In lieu of establishing likelihood of success on the merits, a plaintiff may secure preliminary injunctive relief by showing "that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." *See Alliance for the Wild Rockies v. Cottrell*, 622 F.3d 1045, 1052 (9th Cir. 2010). A plaintiff must still meet the other *Winter* factors. *Id*.

Federal Rule of Civil Procedure 65(b)(1) states that the court may issue a temporary restraining order without notice only if: "A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Also related to notice, the Court's Local Rule 65-1(b) states that, unless relieved by the Court for good cause shown, "on or before the day of an *ex parte* motion for a temporary restraining order, counsel applying for the temporary restraining order must deliver notice of such motion to opposing counsel or party."

## II. ANALYSIS

The Court is mindful of the leeway due to pro se litigants. *See Brazil v. United States Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). However, Plaintiff has not alleged any effort to give Defendants notice of the filing of the motion for TRO or any reasons why such notice should not be required per Federal Rule 65(b)(1) and Local Civil Rule 65-1(b). In addition, Plaintiff has not alleged that the Property will be sold before Defendants can be heard in opposition to his motion. Nor has Plaintiff alleged a date on which the Property will be sold by, for example, citing to a

notice of trustee's sale. Thus, Plaintiff has not alleged "specific facts" that "clearly show" that irreparable injury will occur before Defendants can be heard in opposition to his motion for TRO.

Deficiencies with service and notice aside, the Court recognizes that loss of one's home may constitute irreparable harm. *See Saba v. Caplan*, No. C 10-02113 SBA, 2010 U.S. Dist. LEXIS 76790, at *13-*14 (N.D. Cal. July 6, 2010). However, Plaintiff has not demonstrated a likelihood of success on the merits, or that "serious questions" going to the merits are raised. Plaintiff's motion for a TRO is premised on allegations that he believes Defendants have "the obligation to verify the alleged debt and identify the holder in due course" prior to a non-judicial foreclosure action under the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §1692, the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605, and the Truth in Lending Act ("TILA"), 15 U.S.C. §1601. *See* Pl.'s Mot. for TRO at ¶ 4.

Plaintiff's sparse allegations are mere legal conclusions, and certainly do not "plead enough facts to state a claim that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff has not alleged that any Defendant is a "debt collector" (a requirement under the FDCPA), but even had he done so, "foreclosing on the property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA." *See Powell v. Residential Mortg. Capital*, 2010 U.S. Dist. LEXIS 59698 (N.D. Cal. May 24, 2010) (Fogel, J.). Plaintiff points to no provision under TILA, generally a disclosure statute, which requires "validation of debt."

Under RESPA, a loan servicer has the duty to act when it receives a QWR "for information relating to the servicing of the loan." 12 U.S.C. § 2605(e)(1)(A). Failure to do so may entitle a plaintiff to statutory or actual damages. 12 U.S.C. § 2605(f)(1)(A)-(B). Here, however, Plaintiff has made no factual allegations regarding damages, and Plaintiff is not entitled to a TRO merely by alleging he sent a QWR to Defendants. *See Rivera v. BAC Home Loans Servicing, L.P.*, 2010 U.S. Dist. LEXIS 80294 (N.D. Cal. July 9, 2010) (the damages remedies available under RESPA do not permit injunctive relief against foreclosure).

Although Plaintiff has not alleged any actual foreclosure proceeding, the Court gathers that Plaintiff also challenges any *potential* foreclosure sale because the trustee does not have possession of the original Note. *See, e.g.*, Pl.'s Mot. for TRO at ¶ 4 (stating that Plaintiff believes Defendants

have obligation to "identify holder in due course" prior to foreclosure action).  However, under California law, there is no requirement that the trustee have possession of the physical note before initiating foreclosure proceedings.  *See, e.g., Yazdanpanah v. Sacramento Valley Mortg. Group*, No. C 09-02024 SBA, 2009 U.S. Dist. LEXIS 111557, at * 23-25 (N.D. Cal. Nov. 30, 2009) (citing cases); *Wurtzberger v. Resmae Mortg. Corp.*, No. 2:09-cv-01718-GEB-DAD, 2010 U.S. Dist. LEXIS 51751, at *9-11 (E.D. Cal. Apr. 29, 2010); *Benham v. Aurora Loan Servs.*, No. 09-2059 SC, 2010 U.S. Dist. LEXIS 11189, 2010 WL 532685 at *2-3 (N.D. Cal., Feb. 9, 2010).  In addition, under California law, a borrower may not seek to quiet title without first paying the outstanding debt on the property.  *See Miller v. Provost*, 26 Cal. App. 4th 1703, 1707 (1994) ("a mortgagor of real property cannot, without paying his debt, quiet his title against the mortgagee") (citation omitted).  Plaintiff has not alleged that he has paid the outstanding debt on the Property, or alleged that he can do so.

### III.  CONCLUSION

For the reasons specified above, Plaintiff's motion for a TRO is DENIED.

**IT IS SO ORDERED.**

Dated: February 18, 2011

_____
LUCY H. KOH
United States District Judge

4

Case No.: 11-CV-0659-LHK
ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER