IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GERALD GANDRUP,<br><br>            Plaintiff(s),<br>   v.<br><br>GMAC MORTGAGE, LLC, et. al.,<br><br>            Defendant(s). | CASE NO. 5:11-cv-00659 EJD<br><br>**ORDER GRANTING DEFENDANTS'**<br>**MOTION TO DISMISS**<br><br>[Docket Item No(s). 22] |

## I.  INTRODUCTION

In 2007, Plaintiff Gerald Grandrup ("Plaintiff") executed a Deed of Trust in the amount of $880,000.00 to purchase real property located in Scotts Valley, California.  Plaintiff defaulted on the underlying loan and foreclosure proceedings were initiated.  The property was eventually sold at a trustee's sale on April 4, 2011.  Plaintiff commenced the instant action before the trustee's sale was completed alleging irregularities in the foreclosure process, and filed an amended complaint ("FAC") on September 23, 2011.  See Docket Item No. 20.

Presently before the court is a motion to dismiss the FAC filed by Defendants GMAC Mortgage, LLC and ETS Services, LLC ("Defendants").  See Docket Item No. 22.  Plaintiff filed written opposition to the motion.  See Docket Item No. 24.  The court has carefully reviewed the relevant documents.[1]  For the reasons stated below, Defendants' motion to dismiss is granted.

---

[1] The court was able to reach the decisions contained in this Order without reference to Defendants' Request for Judicial Notice.

1
Case No. 5:11-cv-00659 EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). Moreover, the factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Twombly, 550 U.S. at 556-57.

Claims which sound in fraud are subject to a heightened pleading standard. Fed. R. Civ. Proc. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); Swartz v. KPMG LLP, 476 F.3d 756, 765 (9th Cir. 2007) ("Rule 9(b) imposes heightened pleading requirements where 'the object of the conspiracy is fraudulent.'"). The allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985). To that end, the allegations must contain "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz, 476 F.3d at 764. In other words, these claims must generally contain more specific facts than is necessary to support other causes of action.

When deciding whether to grant a motion to dismiss, the court generally "may not consider any material beyond the pleadings." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). The court must generally accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, the court may consider material submitted as part of the complaint or relied upon in the complaint, and may also consider material subject to judicial notice.

1  See Lee v. City of Los Angeles, 250 F.3d 668, 688-69 (9th Cir. 2001). "[Material which is properly
2  submitted as part of the complaint may be considered." Twombly, 550 U.S. at 555. But "courts are
3  not bound to accept as true a legal conclusion couched as a factual allegation." Id.

### III.   DISCUSSION

The FAC contains ten claims: (1) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et. seq.*, (2) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et. seq.,* (3) fraud, (4) unjust enrichment, (5) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et. seq.,* (6) breach of security instrument, (7) wrongful foreclosure, (8) quiet title, (9) rescission, and (10) invasion of privacy. Each is subject to dismissal.

### A.   Claim 1: TILA

Plaintiff alleges that all Defendants violated TILA by failing to disclose certain charges and other information on the loan documents. See FAC, at ¶¶ 104, 108. Plaintiff also alleges that Defendants improperly calculated the annual percentage rate. See id., at ¶¶ 104, 105. He seeks both damages and rescission for the alleged TILA violations. See id., at ¶ 120.

The factual allegations contained in the FAC raise the issue of timeliness. This is because under TILA, a claim for damages must be brought within one year from the date of the signing of the loan documents. 15 U.S.C. § 1640(e); Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902 (9th Cir. 2003). A claim for rescission must be brought within three years of the same date. 15 U.S.C. § 1635(f).

Here, Plaintiff alleges his mortgage loan was finalized in 2007, and the Deed of Trust attached to the FAC confirms that Plaintiff signed that document on April 5, 2007. See FAC, at ¶ 18; Ex. A. As such, a timely claim for damages under TILA should have been filed no later than April, 2008, and a timely claim for rescission should have been filed no later than April, 2010. Since Plaintiff did not file this action until February 14, 2011, the request for rescission under TILA is absolutely barred because that claim cannot be equitably tolled. See Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412 (1998) ("[TILA] provides, however, that the borrower's right of rescission 'shall expire three years after the date of consummation of the transaction or upon the sale of the property,

whichever occurs first,' even if the required disclosures have never been made.").

A request for damages under TILA, however, is only presumptively time-barred absent allegations that support an equitable exception. 15 U.S.C. § 1640(e); King v. California, 784 F.2d 910, 915 (9th Cir. 1986); see also Beach, 523 U.S. at 417-18 (discussing the "stark" difference in the limiting language of § 1640(e) and § 1635(f)). "Equitable tolling is generally applied in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." O'Donnell v. Vencor, Inc., 465 F. 3d 1063, 1068 (9th Cir. 2006) (internal quotations omitted).

Plaintiff does not disagree that the claim under TILA is untimely, but attempts to invoke the doctrine of equitable tolling in both the FAC and his opposition to the motion to dismiss. Specifically, Plaintiff alleges that he "first learned of the actions of Defendants, including their failure to disclose and the fraud committed upon *her* [sic] on or about November 2010." See FAC, at ¶ 110 (emphasis added). This allegation and those related to it, however, are insufficient to support an exception to the limitations period provided by TILA. Indeed, the inadequacy of allegations nearly identical to those stated in this pleading have already been pointed out by one of this court's contemporaries:

> Plaintiff argues, in his opposition, that he "is a lay person . . . [who] reasonably relied upon the representations of the Defendants in agreeing to execute the mortgage loan documents," and that "a reasonable person would not have been able to discover the alleged violations as the actions by Defendants . . . were matters of Defendants' internal business and accounting to which an average person has no access." . . . Even if those assertions are credited, Plaintiff has still failed to allege any facts either: (1) explaining why he had no reasonable opportunity to discover the facts underlying the alleged violations within the statutory period, when he was apparently able to discover the violations thereafter; or (2) showing diligence on his part in attempting to discover the facts underlying the alleged violations. Plaintiff's TILA and HOEPA damages claims are therefore dismissed, without prejudice.

Ohlendorf v. Am. Brokers Conduit, No. CIV. S-11-293 LKK/EFB, 2012 U.S. Dist. LEXIS 28862, at

4
Case No. 5:11-cv-00659 EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

*21-22, 2012 WL 718682 (E.D. Cal. Mar. 5, 2012).[2]

The court rejects Plaintiff's tolling allegations for the same reasons explained by the court in Ohlendorf. The TILA claim is therefore dismissed. Leave to amend is permitted only to the extent Plaintiff seeks damages under that statute.

### B.   Claim 2:  RESPA

Plaintiff alleges Defendants violated § 2607 of RESPA when they "accepted charges for the rendering of real estate services which were in fact charges for other than services actually performed." See FAC, at ¶ 123.

Like the TILA claim, the claim under RESPA is time-barred as plead. See Patague v. Wells Fargo Bank, N.A., No. 10-03460, 2010 U.S. Dist. LEXIS 124980, at *9-10, 2010 WL 4695480 (N.D. Cal. Nov. 5, 2010) ("The statute of limitations for a RESPA claim is three years for violations of 12 U.S.C. § 2605 and one year for violations of § 2607 or 2608 'from the date of the occurrence of the violation[.]'"). Again, the loan transaction at issue here took place in April, 2007. From that date, a timely claim under § 2607 should have been filed in or before April, 2008. Since this case was not commenced until nearly a year later, this claim is untimely. The allegations seeking

---

[2] A survey of orders involving plaintiffs represented by the attorney currently representing Plaintiff in this case, Holly S. Burgess, reveals a pattern in the context of equitable tolling allegations. It appears Ms. Burgess has included identical allegations of equitable tolling in nearly every complaint filed on behalf of those plaintiffs - about 20 cases so far - regardless of whether the allegations coincide with the actual facts. In fact, most cases include an alleged discovery date of November, 2010, for whatever reason. See, e.g., Shapiro v. Bank of America, N.A., No. 2:11-CV-00576-JAM-CKDI, 2012 U.S. Dist. LEXIS 26414, at *6-8 (E.D. Cal. Feb. 29, 2012) ("Plaintiff pled that he first learned of Defendants' actions in November 2010 because the alleged non-disclosures and fraudulent actions of Defendants were not apparent from the face of the loan documents."); Klepac v. CTX Mortg. Co., LLC, No. 2:11-cv-00752-GEB-GGH, 2012 U.S. Dist. LEXIS 25640, at *10, WL CITE (E.D. Cal. Feb. 28, 2012) ("Plaintiffs first learned of the actions of Defendants, including their failure to disclose and the fraud committed upon them in November of 2010."); King v. Capitol Commerce Mortg. Co., No. 2:11-cv-01225-MCE-DAD, 2012 U.S. Dist. LEXIS 5368, at *8, WL Cite (E.D. Cal. Jan. 11, 2012).

The court makes note of this pattern for two reasons. First, it reinforces the inadequacy of the tolling allegations for this case because numerous courts have rejected them previously. Second, it provides reason to remind counsel that she has an affirmative duty pursuant to Federal Rule of Civil Procedure 11(b)(3) to ensure that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." The court therefore advises Ms. Burgess that, should Plaintiff choose to file an amended complaint, the use of boilerplate allegations copied from previously filed pleadings in other cases, without any verification as to the applicability of those allegations to the instant action, may lead to the imposition of sanctions.

5
Case No. 5:11-cv-00659 EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

equitable tolling of the RESPA filing deadline are rejected for the same reasons discussed under the TILA claim. The claim for violation of RESPA is dismissed with leave to amend.

**C.  Claim 3: Fraud**

Within the claim for common law fraud, Plaintiff alleges that Defendants "disguised" his loan transaction to "create the appearance of a 'straw lender,'" when in fact "the real party in interest was not disclosed to plaintiff." See FAC, at ¶ 129. According to Plaintiff, this fraudulent scheme "was in actuality a plan to trick plaintiff into signing what would become a negotiable security used to sell unregulated securities under fraudulent and changed terms from the original notes." See id., at ¶ 136.

In California, the elements of fraud are: (1) misrepresentation; (2) knowledge of falsity; (3) intent to defraud or to induce reliance (4) justifiable reliance; and (5) resulting damage. Engalla v. Permanente Med. Group, Inc., 15 Cal. 4th 951, 974 (1997). Although the court looks to state law to determine if the elements of fraud have been properly pleaded, a plaintiff must still meet the federal standard to plead fraud with particularity. Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009).

Looking first at the elements, the fraud claim is obviously incomplete. While Plaintiff identifies the alleged misrepresentation made in some form, he provides little more. Plaintiff did not state the details of the misrepresentation, identify which Defendant allegedly made it, indicate why that Defendant knew the statements were false, or allege why Plaintiff's reliance on the misrepresentation was justifiable. This falls short of the standard required by Rule 9(b).

Also, Plaintiff's theory of liability based on securitization of the debt has been rejected by numerous courts. See, e.g., Lane v. Vitek Real Estate Indus. Grp., 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010) ("[T]he argument that parties lose their interest in a loan when it is assigned to a trust pool has also been rejected by many district courts."); Hague v. Wells Fargo Bank, N.A., No. 3:11-cv-02366-THE, 2011 U.S. Dist. LEXIS 140122, at \*16, 2011 WL 6055759 (N.D. Cal. Dec. 6, 2011) ("To the extent that Plaintiffs' claims rely on the securitization of the loan . . . into a mortgage-backed security, there is no merit to the contention that securitization renders the lender's loan in the property invalid."); Wadhwa v. Aurora Loan Servs., LLC, No. S-11-1784 KJM KJN,

6
Case No. 5:11-cv-00659 EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

2011 U.S. Dist. LEXIS 73949, at *9-10, 2011 WL 2681483 (E.D. Cal. July 8, 2011), Kimball v. BAC Home Loans Servicing, LP, No. 10-CV-05670 LHK, 2011 U.S. Dist. LEXIS 17751, at *4, 2011 WL 577418 (N.D. Cal. Feb. 9, 2011); Marty v. Wells Fargo Bank, No. CIV S-10-0555 GEB DAD PS, 2011 U.S. Dist. LEXIS 29686, at *20-21, 2011 WL 1103405 (E.D. Cal. Mar. 22, 2011) ("[P]laintiff also claims that the 'securitization' of the note was an improper conversion and alteration of the note and deed of trust, undertaken without his consent and rendering the mortgage and Deed of Trust unenforceable against him. This claim is frivolous, has no support in the law and should be dismissed with prejudice.").

This claim is dismissed with leave to amend.

### D.   Claim 4: Unjust Enrichment

Plaintiff's fourth claim is for unjust enrichment under state law.  In this state, "[c]ourts consistently have held that unjust enrichment is not a proper cause of action under California law." In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prods. Liab. Litig., 754 F. Supp. 2d 1145, 1194 (C.D. Cal. 2010).  "Unjust enrichment is a general principle, underlying various legal doctrines and remedies, rather than a remedy itself."  Melchior v. New Line Prods., Inc., 106 Cal. App. 4th 779, 793 (2003).  "Simply put, 'there is no cause of action in California for unjust enrichment.'"  In re Toyota Motor Corp., 754 F. Supp. 2d at 1194 (citing Melchior, 106 Cal. App. 4th at 793).

Since Plaintiff's claim for unjust enrichment cannot state a claim for relief in California, it will be dismissed without leave to amend.

### E.   Claim 5:  Civil RICO

Plaintiff has included a claim for violation of RICO, alleging that Defendants conspired to defraud plaintiff "through the use of intentional nondisclosure, material misrepresentation, and creation of the fraudulent loan documents."  See FAC, at ¶ 149.

While RICO is generally a statute which defines a crime, civil remedies may be pursued for RICO violations if a plaintiff has been "injured in his business or property by reason of a violation of section 1962 . . . ."  18 U.S.C. § 1964(c).  "To state a civil claim for a RICO violation . . . , a plaintiff must show (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering

activity." Rezner v. Bayerische Hypo-Und Vereinsbank AG, 630 F.3d 866, 873 (9th Cir. 2010) (internal citation omitted).

This claim is not sufficiently plead. "Neither fraud, in and of itself, nor the creation of fraudulent loan documents are predicate offenses under RICO." Ohlendorf, 2012 U.S. Dist. LEXIS 28862, at *33 (citing Tilley v. Ampro Mortg., No. 2:11-cv-1134, 2011 U.S. Dist. LEXIS 136096, at *32, 2011 WL 5921415 (E.D. Cal. Nov. 28, 2011)). Moreover, Plaintiff has not included enough specific factual information to meet the heightened pleading standard imposed by Rule 9(b). See Moore v. Kayport Package Express, Inc., 885 F.2d 531, 541 (9th Cir. 1989) (applying the higher pleading standard contained in Rule 9(b) to a claim under RICO). This claim is therefore dismissed with leave to amend.

### F. Claim 6: Breach of Security Instrument

Plaintiff alleges that Defendants breached certain provisions of the Deed of Trust because the entity that initiated the foreclosure and recorded the Notice of Default was never properly substituted as trustee. See FAC, at ¶ 176. Plaintiff alleges the Notice of Default is void ab initio because it was signed before the assignment. See id., at ¶ 177.

Plaintiff's "breach" theory is without merit. The allegation that only the lender, and not Mortgage Electronic Registration Systems, Inc. ("MERS"), can execute a Substitution of Trustee is inconsistent with the terms of the Deed of Trust. That document states that MERS is "a nominee for Lender and Lender's successors and assigns." See id., at Ex. B. The Deed of Trust also states that "MERS is the beneficiary" and contains the following language:

> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including but not limited to, the right to foreclose and sell the Property . . . .

See id.

Therefore, according to express language of the Deed of Trust, MERS was vested with the right to foreclose and could assign such right to subsequent trustees. Courts that have previously examined Deeds of Trust containing this exact language have routinely found that "MERS had the right to assign its beneficial interest to a third party." Basia v. Indymac Fed. Bank, No.

8
Case No. 5:11-cv-00659 EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

CIV-09-1464 WBS JMF, 2009 U.S. Dist. LEXIS 103444, at *8-11 (E.D. Cal. Nov. 6, 2009); see also, e.g., Roybal v. Countrywide Home Loans, Inc., No. 2:10-CV-750-ECR-PAL, 2010 U.S. Dist. LEXIS 131287, at *11, 2010 WL 5136013 (D. Nev. Dec. 9, 2010) ("there is a near consensus among district courts in this circuit that while MERS does not have standing to foreclose as a beneficiary, because it is not one, it does have standing as an agent of the beneficiary where it is the nominee of the lender, who is the true beneficiary"); Morgera v. Countrywide Home Loans, Inc., No. 2:09-cv-01476-MCE-GGH, 2010 U.S. Dist. LEXIS 2037, at *21, 2010 WL 160348 (E.D. Cal. Jan. 11, 2010) ("Courts have consistently found that MERS does in fact have standing to foreclose as the nominee of the lender.") (citations omitted); Gomes v. Countrywide Home Loans, Inc., 192 Cal. App. 4th 1149, 1158 (2011) ("'MERS is the owner and holder of the note as nominee for the lender, and thus MERS can enforce the note on the lender's behalf.'") (quoting Morgera, 2010 U.S. Dist. LEXIS 2037, at *22).

MERS assigned its right to foreclose to ETS Services LLC on August 23, 2010. See FAC, at Ex. C. ETS Services LLC the recorded a Notice of Default and was substituted as trustee that same day. See id., at Ex. D. The procedure was proper because "[u]nder California law, a 'trustee, mortgagee or beneficiary or any of their authorized agents' may conduct the foreclosure process by filing a Notice of Default." Wood v. Aegis Wholesale Corp., No. 09-CV-536, 2009 U.S. Dist. LEXIS 57151, at *10, 2009 WL 1948844 (E.D. Cal. July 6, 2009) (quoting Cal. Civ. Code § 2924(a)). Additionally, the Notice of Default is not void simply because the Substitution of Trustee was signed on a previous date. "[A]ny of the beneficiary's authorized agents" may file the Notice of Default, and "it is immaterial to the validity of the foreclosure process" that the Notice of Default predates the Substitution of Trustee. Wood, 2009 U.S. Dist. LEXIS 57151, at *4.

It is also worth noting that district courts in California have consistently rejected the theory that the foreclosure process is invalid if the trustee does not possess the original promissory note. See, e.g., Gamboa v. Tr. Corps, 09-0007 SC, 2009 U.S. Dist. LEXIS 19613, at *9-10, 2009 WL 656285 (N.D. Cal. Mar. 12, 2009); Putkkuri v. Recontrust Co., 08CV1919WQH (AJB), 2009 U.S. Dist. LEXIS 32, at *5-6, 2009 WL 32567 (S.D. Cal. Jan. 5, 2009); Neal v. Juarez, 06CV0055 J(JMA), 2007 U.S. Dist. LEXIS 98068, at *25, 2007 WL 2140640 (S.D. Cal. July 23, 2007).

1  Plaintiff's allegations which suggest the foreclosure process is void for a lack of the original note are
2  misplaced.
3  　　　The court finds that allowing for amendment of this claim would be futile because it does not
4  present a valid theory of liability no matter what amendment Plaintiff may attempt to make. It will
5  be dismissed without leave to amend.

### G.    Claims 7 and 8: Wrongful Foreclosure and Quiet Title

Essential to the seventh claim for wrongful foreclosure and the eighth claim for quiet title is Plaintiff's allegation that the foreclosing entity does not have an interest in the property. However, as already explained, this allegation is directly contradicted by documents attached to the FAC. Accordingly, Plaintiff has failed to state claims for wrongful foreclosure and quiet title, much like he failed to state a claim for breach of security instrument.

Furthermore, Plaintiff did not allege an ability to tender the full amount owed on the loan, which is necessary to maintain claims for wrongful foreclosure and quiet title. See Roque v. Suntrust Mortg., Inc., No. C-09-00040 RMW, 2010 U.S. Dist. LEXIS 11546, at *11, 2010 WL 546896 (N.D. Cal. Feb. 10, 2010) (citing Abdallah v. United Savings Bank, 43 Cal. App. 4th 1101, 1109 (1996)); see also Briosos v. Wells Fargo Bank, 737 F. Supp. 2d 1018, 1032 (N.D. Cal. 2010) (quoting Shimpones v. Stickney, 219 Cal. 637, 649 (1934)). Plaintiff's argument to the contrary is unpersuasive.

Because the claims for wrongful foreclosure and quiet title rely on the same theory underlying the claim for breach of security instrument, these claims are also dismissed without leave to amend as allowing for amendment under these circumstances would be futile.

### H.    Claim 9: Rescission

Plaintiff contends the Deed of Trust and the loan documents upon which it is based are void due to a mistake. Specifically, Plaintiff alleges that "he executed his loan documents based on the mistaken belief that he would remain in a borrower/lender relationship" with his original lender. See FAC, at ¶ 227. He also alleges that his lender "knew there would be no borrower/lender relationship." See id., at ¶ 228.

California Civil Code Section 1689(b)(1) states that "[a] party to a contract may rescind the

contract . . . [i]f the consent of the party rescinding, or of any party jointly contracting with him, was given by mistake." A mistake of fact exists when a mistake consists of "an unconscious ignorance or forgetfulness of a fact past or present, material to the contract; or, the belief in the present existence of a thing material to the contract, which does not exist, or in the past existence of such a thing, which has not existed." Cal. Civ. Code § 1577. "To relieve one from obligations resulting from the signing of an instrument, on the ground of mistake, the error must be real and vital and not merely fanciful, unreasonable, or the result of negligently failing to read the document." Fraters Glass & Paint Co. v. Southwestern Const. Co., 107 Cal. App. 1, 6 (1930)

This rescission claim fails as plead because it does not meeting the Rule 9(b) pleading standard. Plaintiff has not explained why he was unaware of the plain terms of the Deed of Trust, which clearly state that the Plaintiff's debt could be sold without notice to him. See FAC, at Ex. B ("The Note or a partial interest in the Note (together with the Security Instrument) can be sold on or more times without prior notice to the Borrower."). Having read that statement - which is unambiguous - it is impossible for Plaintiff to have relied on an ongoing "borrower/lender" relationship as a basis for entering into the loan transaction. If he was not aware that portion of the Deed of Trust, then his mistaken belief that the loan would not be sold is a result of his own negligence in not carefully reviewing the document.

Since the allegations in the FAC are not specific and do not explain why Plaintiff was mistaken despite the cited language in the Deed of Trust, this claim is dismissed with leave to amend.

### H.     Claim 10: Invasion of Privacy

Plaintiff's final claim is for invasion of privacy in violation of Article I, § 1, of the California Constitution. Plaintiff alleges that Defendants authorized disclosure of private information without permission by outsourcing credit checks of their borrowers to determine whether their borrowers were experiencing financial difficulties. See id., at ¶ 245.

A plaintiff alleging an invasion of privacy in violation of California's constitutional right to privacy must establish each of the following: (1) a legally protected privacy interest; (2) a reasonable expectation of privacy in the circumstances; and (3) conduct by defendant constituting a

serious invasion of privacy. Foley v. Bates, 2007 U.S. Dist. LEXIS 38063, at *23, 2007 WL 1430096 (N.D. Cal. May 14, 2007) (citing Hill v. Nat'l Collegiate Athletic Assn., 7 Cal. 4th 1, 40 (1994)).

Despite a review of the entire FAC, the court is unable to find any allegations indicating which Defendant and what times allegedly disclosed Plaintiff's private information. All that Plaintiff has provided here is the most general of allegations "on information and belief." Without more, Plaintiff has failed to state a claim. Thus, this claim is dismissed with leave to amend.

### IV.   ORDER

Based on the foregoing, Defendants' Motion to Dismiss (Docket Item No. 22) is GRANTED. Claims 4, 6, 7, and 8 are DISMISSED WITHOUT LEAVE TO AMEND. The remaining claims are DISMISSED WITH LEAVE TO AMEND.

Any amended complaint must be filed on or before **October 1, 2012.** Plaintiff is advised that he may not add new claims or parties without first obtaining Defendants' consent or leave of court pursuant to Federal Rule of Civil Procedure 15. Plaintiff is further advised that failure to file a timely amended complaint or failure to amend the complaint in a manner consistent with this Order may result in dismissal of this action.

The court schedules this case for a Case Management Conference on **October 26, 2012.** The parties shall file a Joint Case Management Statement on or before **October 19, 2012.**

**IT IS SO ORDERED.**

Dated: September 10, 2012

EDWARD J. DAVILA
United States District Judge

12
Case No. 5:11-cv-00659 EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS